**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KINGVISION PAY-PER-VIEW CORP.,
LTD., a Delaware corporation,**

            **Plaintiff,**

v.                                        **Case No. 8:06-cv-892-T-30MAP**

**ADRIAN WRIGHT, Individually, d/b/a
HOUSE OF SOUL SPORTS BAR & GRILL
a/k/a ADRIAN WRIGHT'S HOUSE OF
SOUL a/k/a HOUSE OF SOUL,**

            **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment as to Defendant (Dkt. #9-1).[1] The Court, having considered the motion, memorandum, exhibits, affidavits, and being otherwise advised in the premises, finds that Plaintiff's motion should be granted.

### Background

Plaintiff, Kingvision Pay-Per-View Corp., Ltd. ("Plaintiff") is a Delaware corporation with its principal place of business located in Deerfield Beach, Florida. At all time relevant hereto, Defendant, Adrian Wright ("Defendant"), was a resident of the Middle District of Florida, and an owner of the House of Soul with its principal place of business

---

[1] Defendant has not responded to Plaintiff's Motion for Default Judgment and has not sought to plead or otherwise defend himself in this action. On August 15, 2006, a default was entered pursuant to Fed.R.Civ.P. 55(a) by the Clerk against Defendant, Adrian Wright.

located in Tampa, Florida. This is a civil action brought pursuant to the Communications Act of 1934, 47 U.S.C. §553 and §605. Count I is a claim of theft of cable communications under 47 U.S.C. §553. Count II is a claim of theft of satellite communications under 47 U.S.C. §605.

Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the May 14, 2005 Championship Boxing Match between Felix Trinidad and Winky Wright from the MGM Grand is Las Vegas, Nevada (the "Event"), including undercard or preliminary bouts, at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Florida (the "License Agreement"). Plaintiff paid substantial fees for this license.

The closed-circuit broadcast of the Event was not intended for the use of the general public. In Florida, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Plaintiff. Plaintiff contracted with various establishments throughout Florida and granted such establishments the right to broadcast the Event in exchange for a fee. The transmission of the Event was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

The transmission of the Event was available to Defendant to purchase for broadcast in House of Soul, however, Defendant did not contract with Plaintiff to obtain the rights to broadcast the Event. On May 14, 2005, Defendant intercepted and/or received the interstate

communication of the Event.  Defendant enabled the patrons within the House of Soul to view the Event.

## Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed.R.Civ.P. 55(a).

However, it is well established that "a defendant's default does not in itself warrant the court entering a default judgment."  DirectTV, Inc. v. Trawick, 359 F.Supp.2d 1204, 1206 (M.D. Ala. 2005), quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  There must be a sufficient basis in the pleadings for the judgment entered.  See Nishimatsu at 1206.  The defendant is not held to admit facts that are not well-pled or to admit conclusions of law.  See id.

Accordingly, in ruling on a motion for default judgment the Court must examine in further detail the defendant's liability under the causes of action alleged in the complaint.  Trawick at 1206.  Whether to grant a motion for default judgment is within the trial court's discretion.  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

**Discussion**

**I.     Damages Under the Communications Act.**

Sections 553[2] and 605[3] of Title 47 of the Untied States Code both prohibit the unauthorized interception and reception of cable programming services.[4] When a court determines that a defendant's conduct has violated both sections 553 and 605 of the Communications Act, a plaintiff may recover damages under only one of those sections. See International Cablevision, Inc. v. Sykes, 997 F.2d 998, 1008 (2d Cir. 1993). See also Time Warner Cable of New York City v. Barnes, 13 F.Supp.2d 543, 547 (S.D.N.Y. 1998). A plaintiff may, however, elect to recover damages under section 605 in consideration of a higher damages award. Barnes at 457.

**A.     Damages Under Section 605.**

Plaintiff has elected to recover damages under section 605, which provides for higher statutory damages. Under section 605(e)(3)(C)(i)(II), Plaintiff is entitled to recover damages for "each violation of subsection (a) of this section . . . in a sum of not less than $1,000 or

---

[2] 47 U.S.C. §553(a)(1) provides that: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

[3] 47 U.S.C. §605(a) provides, in pertinent part, that: "No person not being entitled thereto shall receive or assist in receiving any interstate communication . . . and use such communication . . . for his own benefit or for the benefit of another not entitle thereto."

[4] Section 553 applies only to transmissions via cable systems, while section 605(a) applies to the interception of cable-borne, as well as pay television where cable-borne transmissions originate as satellite transmissions. Thus, when pay television programming is transmitted over both cable and satellite mediums, both statutes apply.

more than $10,000, as the court considers just . . ." Additionally, if a court finds that the statute was violated "willfully and for the purpose of commercial advantage or private financial gain," it may, in its discretion, award an additional sum of up to $100,000. 47 U.S.C. §605(e)(3)(C)(ii). In its Motion for Default Judgment, Plaintiff seeks statutory damages in the amount of $10,000, plus additional damages in the amount of $50,000. Nevertheless, the amount of damages to be assessed pursuant to section 605 rests within the sound discretion of this Court.

In support of its Motion for Default Judgment, Plaintiff has submitted the affidavit of David A. Fielder[5] in support of Plaintiff's allegations that Defendant willfully intercepted and/or received the interstate communication of the Event on May 14, 2005, and that Defendant then transmitted such communication to its patrons at the House of Soul.[6] Pursuant to David Fielder's affidavit, during his visit at the House of Soul on May 14, 2005, the House of Soul was displaying the Felix Trinidad v. Winky Wright Championship Boxing Match and/or its undercard preliminary bouts. Mr. Fielder counted 21 patrons inside of the House of Soul and noticed that there were three televisions for viewing by patrons inside the establishment. According to the affidavit, House of Soul charged a $10.00 per patron cover charge to view the Event.

Plaintiff has also submitted the Affidavit of Skip M. Klauber in support of its argument that Defendant's violation was willful and made for the purpose of direct or

---

[5] Dkt. #9-2.

[6] David Fielder is an auditor employed by International Claims Specialists.

indirect commercial advantage or private financial gain.[7]  In pertinent part, Mr. Klauber attests that the sublicense fee that would have been charged to Defendant for the legal transmission of the Event would have been $12.50 times the maximum fire code occupancy of the House of Soul (150 persons), plus a $200 technical fee, for a total fee of $2,075.  Mr. Klauber also attests that in order for an unauthorized commercial establishment to receive a broadcast of the Event, Defendant had to use an unauthorized decoder or satellite card.

Based on the facts contained in the unchallenged affidavits submitted by Plaintiff and Defendant's default as to the allegations contained in the Complaint, the Court finds that the Defendant's conduct violates section 605(a) of the Communications Act, thus statutory civil damages against Defendant are proper under section 605(e)(C)(i)(II).  Further, this Court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain creating further statutory liability under section 605(e)(C)(ii).

For these reasons, the Court finds that the following statutory damages are proper under the circumstances: statutory damages under section 605(e)(C)(i)(II) in the amount of $2,075.00 ($12.50 x 150 persons, plus $200 technical fee), and additional statutory damages under section 605(e)(C)(ii) in the amount of $6,225.00 ($2,075.00 x 3).[8]

---

[7] Dkt. #9-2.

[8] Since it appears that this is Defendant's first known violation under sections 553 and 605 of the Communications Act, the Court finds that an additional penalty pursuant to section 605(e)(C)(ii) in the amount of three times the actual damage provides a sufficient deterrent to future violations by Defendant and other establishments.

**B.     Attorney's Fees and Costs Under Section 605.**

Since liability has been established under section 605, the Court further finds that Plaintiff is entitled to its attorney's fees and costs incurred in this matter pursuant to 47 U.S.C. §605(3)(B)(iii). Plaintiff's attorney has submitted an affidavit in support of Plaintiff's request for attorney's fees and costs.[9] Plaintiff seeks an attorney's fee in the amount of $1,200.00 (4 hours at $300.00) and costs in the amount of $405.00 for filing and service of process fees.  The Court finds that the amount of attorney's fees and costs sought to be recovered by Plaintiff is reasonable.  Accordingly, the Court grants Plaintiff's request for attorney's fees in the amount of $1,200.00 and costs in the amount of $405.00.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment as to Defendant (Dkt. #9-1) is GRANTED as stated herein.

2. The Clerk is directed to enter **Judgment for Statutory Damages, Attorney's Fees and Costs** in the amount of **$9,905.00** (consisting of $2,075.00 in statutory damages, $6,225.00 in additional statutory damages, $1,200.00 in attorney's fees, and $405.00 in taxable costs) in favor of Plaintiff, Kingvision Pay-Per-View Corp., and against Defendant, Adrian Wright, individually, d/b/a House of Soul Sports Bar & Grill a/k/a Adrian Wright's House of Soul a/k/a House of Soul.

---

[9] Dkt. #9-4.

3. The Clerk is further directed to CLOSE this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-892.mdj 9.wpd